**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MAR 0 7 2016

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **MATTHEW J. DYKMAN** |
|  | ) | **CLERK** |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Criminal No. 15-2225 JH |
|  | ) |  |
| JACOB WHEELER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the Defendant,

JACOB WHEELER, and the Defendant's counsel, Robert Cooper, Esq.

## REPRESENTATION BY COUNSEL

1.      The Defendant understands the Defendant=s right to be represented by an attorney

and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the

Defendant=s attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.      The Defendant further understands the Defendant=s rights:

    a.      to plead not guilty, or having already so pleaded, to persist in that plea;

    b.      to have a trial by jury; and

    c.      at a trial:

        1)      to confront and cross-examine adverse witnesses,

        2)      to be protected from compelled self-incrimination,

        3)      to testify and present evidence on the Defendant's own behalf, and

4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to the Indictment, which charges a violation of 18 U.S.C. § 2113(a) and (d), that being armed bank robbery.

## SENTENCING

4.      The Defendant understands that the minimum and maximum penalty the Court can impose for this offense is:

      a.      imprisonment for a period of not more twenty-five (25) years;

      b.      a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

      c.      a term of supervised release of no more than five (5) years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

      d.      a mandatory special penalty assessment of $100.00; and

      e.      restitution as may be ordered by the Court.

5.      The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

2

## **DEFENDANT=S ADMISSION OF FACTS**

6.      By my signature on this plea agreement, I am acknowledging that I am pleading

guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and

accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if

I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to

establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt,

including any facts alleged in the indictment that increase the statutory minimum or maximum

penalties.   I specifically admit the following facts related to the charges against me, and declare

under penalty of perjury that all of these facts are true and correct:

> On or about May 15, 2015, in Santa Fe County, in the District of New Mexico, I, JACOB
>
> WHEELER, by force, violence, and intimidation did knowingly take from the person and
>
> presence of another a sum of United States currency belonging to and in the care, custody,
>
> control, management and possession of Century Bank, located at 498 N. Guadalupe, Santa
>
> Fe, New Mexico, the deposits of which were then insured by the Federal Deposit Insurance
>
> Corporation, and in committing such offense, the defendant used a dangerous weapon, and
>
> did assault and put in jeopardy the life of another person, in violation of 18 U.S.C. §
>
> 2113(a) and (d).

7.      By signing this agreement, the Defendant admits that there is a factual basis for

each element of the crime(s) to which the Defendant will plead guilty. The Defendant agrees that

the Court may rely on any of these facts, as well as facts in the presentence report, to determine the

Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

8.      The United States and the Defendant recommend as follows:

       a.      The parties agree that no fine is necessary.

       b.      The parties agree that the United States could have proven that Defendant used a "dangerous weapon" as defined by statute in committing the robbery.

       c.      The parties agree that the United States could not have proven that the Defendant used a "firearm" as defined by federal law and the sentencing guidelines.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

9.      The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## DEFENDANT'S ADDITIONAL AGREEMENT

10.      The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information.   The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

11.      Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set for the above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be

4

admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

## WAIVER OF APPEAL RIGHTS

12.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformance with this agreement.   In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

## GOVERNMENT'S AGREEMENT

13.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

      a.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment or that are considered relevant conduct for sentencing on the present indictment.

5

14.    This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15.    The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

16.    The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

17.    At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $ 100   in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

18.     This document is a complete statement of the agreement in this case and may not be

altered unless done so in writing and signed by all parties. The parties agree and stipulate that this

Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire

Agreement had been read into the record of the proceeding. This agreement is effective upon

signature by defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this ___7___ day of ___Nobeh___, 2016.

DAMON P. MARTINEZ
United States Attorney

_(e signed)_

NORMAN CAIRNS
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274


I am JACOB WHEELER's attorney.   I have carefully discussed every part of this
Agreement with my client. Further, I have fully advised my client of his rights, of possible
defenses, of the sentencing factors set forth in 18 U.S.C. ' 3553(a), of the relevant Sentencing
Guidelines provisions, and of the consequences of entering into this Agreement. To my
knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

ROBERT COOPER, ESQ.
Attorney for the Defendant

I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. ' 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

JACOB WHEELER
Defendant